**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

JULIE COOPER-ROUNDS,

*Plaintiff*,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

*Defendant*.

## COMPLAINT

Plaintiff, Julie Cooper-Rounds ("Ms. Cooper-Rounds"), by and through her counsel, McDermott Law, LLC, for her Complaint against Defendant The Prudential Insurance Company of America ("Prudential") states, alleges, and avers as follows:

### THE PARTIES, JURISDICTION, AND VENUE

1. This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as it involves a claim by Plaintiff for benefits owed under an employee benefit plan regulated and governed by ERISA. Jurisdiction is predicated under these code sections, as well as 28 U.S.C. § 1331 as a federal question.

2. This action is brought to recover benefits under the terms of an employee benefit plan, to enforce Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under an employee benefit plan.

3. Plaintiff seeks relief, including but not limited to: payment of benefits, pre- and post-judgment interest, and attorneys' fees and costs.

4. Plaintiff is, and was at all times relevant, a resident, domiciliary, and citizen of the State of Nevada.

5. Defendant is, and was at all times relevant, an insurance corporation existing under the laws of the State of New Jersey, with its principal place of business in Newark, New Jersey.

6. Defendant is, and was at all times relevant, permitted to conduct (and was conducting) the business of insurance in the States of Nevada, California, and Colorado.

7. Plaintiff's now-deceased husband, Michael D. Rounds ("Mr. Rounds") was employed by and was a shareholder of Brownstein Hyatt Farber Shreck, LLP ("Brownstein").

8. Brownstein is a Colorado Limited Liability Partnership, with its principal place of business in Denver, Colorado.

9. As an employee and shareholder of Brownstein, Mr. Rounds was also a participant in Brownstein's Shareholders Employee Benefits Plan, including the Brownstein Hyatt Farber Schreck, LLP Life Insurance Plan (the "Plan"), which provided, among other benefits, accidental death and dismemberment insurance benefits underwritten by Prudential Group Insurance Policy Number G-53432 (the "AD&D Policy").

10. The death underlying Plaintiff's claim for benefits occurred in the State of California.

11. Venue is proper in this Court.

## GENERAL ALLEGATIONS

12. Under the AD&D Policy, Prudential promised to pay $1,000,000.00 in insurance benefits to Mr. Round's beneficiary if he sustained an "accidental bodily Injury" (including death), which resulted directly from an Injury. Prudential defined the term "Injury" to mean "[i]njury to the body" of an insured person. Prudential chose to not define the term "accidental," but Black's Law Dictionary defines the term to mean "[a]n unintended or unforeseen injurious occurrence; something that does not occur in the usual course of events or that could not be reasonably anticipated."

13. On June 17, 2020, Mr. Rounds died while riding his mountain bike on a trail in California. The individuals with whom Mr. Rounds was riding found him lying lifeless on the ground shortly after crossing a dilapidated bridge on the trail. Below are pictures of the bridge where the fall happened and of Mr. Rounds lying next to the bridge after life-saving efforts were unsuccessful.

 

14. After her husband's passing, Ms. Cooper-Rounds submitted a claim to Prudential for insurance benefits as the named beneficiary under Mr. Rounds' AD&D Policy.

15. When Prudential received Ms. Cooper-Rounds' claim, it knew ERISA required it to make a claim decision within 90 days, and it knew that it could request an additional 90 days only if special circumstances required Prudential to request such an extension.

16. After receiving Ms. Cooper-Rounds' claim, Prudential's Yanira Mendoza stated, *inter alia*, that Mr. Rounds "died of an accident on 6/17/2020," which conclusion she documented in a claim note dated July 2, 2020.

17. Nevertheless, by letter dated July 21, 2020, Prudential informed Ms. Cooper-Rounds, *inter alia*, that it required additional information to "properly evaluate the claim" to determine if Mr. Rounds' death was accidental. Letter from Prudential Claims Coordinator to Julie Cooper, July 21, 2020.

18. Two months later, by letter dated September 24, 2020, Prudential informed Ms. Cooper-Rounds, *inter alia*, "Accidental Death coverage is reserved for manners of passing that are considered accidents (car crashes, falls, etc.) The death certificate on file lists Mr. Rounds [sic] passing as a natural cause of death." Letter from Ryan O'Byrne, Prudential Claims Coordinator, to Julie Cooper, Sept. 24, 2020.

19. Prudential's letter dated September 24, 2020, contained none of the ERISA-required language that must be provided to claimants when making an adverse benefit determination. Specifically, Prudential's letter dated September 24, 2020, did not:

    a. Reference the specific plan provisions on which the determination was based;

    b. Describe any additional material or information necessary form Ms. Cooper-Rounds to perfect the claim;

    c. Explain why such additional material or information was necessary;

    d. Describe the plan's review procedures;

    e. Describe the time limits applicable to such review procedures;

    f. Include a statement of Ms. Cooper-Rounds' right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review.

20. As of September 24, 2020, Prudential knew both the Policy and ERISA required it to provide the information described in paragraph 18(a)–(f), *supra*, when denying all or part of a claim

for benefits under the Policy. 29 CFR § 2560.503-1(g); Policy No. G-53432 (Additional Information about Your Plan, Claim Procedures, 1. Determination of Benefits).

21. By letter dated November 13, 2020, Ms. Cooper-Rounds, through counsel, requested Prudential to explain whether its letter dated September 24, 2020, was an adverse benefit decision, and she asked Prudential to provide all relevant documents, records, and information, as the term "relevant" is defined by 29 CFR § 2560.503-1(m)(8). Letter from Shawn McDermott, McDermott Law, to Ryan O'Byrne, Prudential Beneficiary Services, Nov. 13, 2020.

22. When Prudential received Ms. Cooper-Rounds' attorneys' letter dated November 13, 2020, Prudential knew ERISA required it to provide all relevant documents, records, and information within 30 days.

23. Prudential did not provide all relevant documents, records, and information within 30 days of receiving Ms. Cooper-Rounds' attorneys' letter dated November 13, 2020.

24. By letter dated January 22, 2021—more than 180 days after receiving Ms. Cooper-Rounds' claim for AD&D benefits—Prudential informed Ms. Cooper-Rounds (through her counsel) that in needed "an extension of time to properly evaluate this claim." Letter from Ryan O'Byrne, Prudential Claims Coordinator, to Shawn McDermott, McDermott Law, Jan. 22, 2021.

25. By letter dated March 26, 2021—nearly nine months after receiving Ms. Cooper-Rounds' claim for AD&D benefits—Prudential, for the first time, informed Ms. Cooper-Rounds (through counsel) that its letter dated September 24, 2020 "does not constitute an adverse benefit determination" and further advised that "there has been no final determination made," regarding her claim for AD&D benefits and that Prudential was "still in the process of evaluating the claim." Letter from Ryan O'Byrne, Prudential Claims Coordinator, to Timothy Garvey, McDermott Law, Mar. 26, 2021.

26. In a separate letter dated March 26, 2021—over nine months after Mr. Rounds' death—Prudential informed Ms. Cooper-Rounds (through counsel) that it had, *inter alia*, completed its evaluation of her "claim for $1,000,000 Accidental Death Benefit for the late Michael D. Rounds under G-53432 issued through Brownstein Hyatt Farber Schreck," and it informed her that it was "unable to approve this claim." Letter from Ryan O'Byrne, Prudential Claims Coordinator, to Timothy Garvey, McDermott Law, Mar. 26, 2021.

27. When informing Ms. Cooper-Rounds that it was denying her claim for benefits under the AD&D Policy, Prudential stated, *inter alia*, that although "[t]he Placer County Sheriff Narrative Report states Mr. Rounds had a bike crash," Prudential's internal "review found no information that Mr. Rounds passed away from an accident. His passing was caused by Probable Sudden Cardiac Death due to Cardiac Hypertrophy; which are considered Sicknesses. As a result, this claim does not meet the Group policy's benefit provisions. Therefore, we are denying the claim for benefits." Letter from Ryan O'Byrne, Prudential Claims Coordinator, to Timothy Garvey, McDermott Law, Mar. 26, 2021.

28. By letter dated September 14, 2021, Prudential informed Ms. Cooper-Rounds (through counsel) that, *inter alia*, "we have no cutoff time for an internal appeal to be filed. You may file an appeal when you are prepared." Letter from Ryan O'Byrne, Prudential Claims Coordinator, to Timothy Garvey, McDermott Law, Sept. 14, 2021.

29. By letter dated December 21, 2021, Ms. Cooper-Rounds (through counsel) timely submitted her internal appeal of Prudential's adverse benefit determination. Letter from Timothy Garvey, McDermott Law, to Prudential Appeal Coordinator, Dec. 21, 2021.

30. Prudential received Ms. Cooper-Rounds' appeal letter by fax (without exhibits) on December 21, 2021, and by certified mail (with all attached exhibits) on December 26, 2021.

31. When Prudential received Ms. Cooper-Rounds' appeal letter, it knew the AD&D Policy stated, *inter alia*, "Prudential shall make a determination" on any appeal "within 45 days of the

receipt" of the appeal request. Prudential also knew when it received Ms. Cooper-Rounds' appeal letter that the AD&D Policy further stated that if Prudential needed an additional 45 days to decide an appeal, "written notice of the extension, the reason for the extension and the date that Prudential expects to render a decision shall be furnished to you within the initial 45-day period."

32. Because Prudential received Ms. Cooper-Rounds' appeal letter via certified mail on December 26, 2021, Prudential knew that it had until February 9, 2021, to either make a determination or provide written notice of an extension.

33. When Prudential received Ms. Cooper-Rounds' appeal letter, it knew, *inter alia*, that if it failed to follow its claims procedures (including the timeframes set forth in the AD&D Policy), Ms. Cooper-Rounds "shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of [ERISA] on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim." 29 CFR § 2560.503-1(l)(1).

34. In submitting her appeal, Ms. Cooper-Rounds (through counsel) provided additional medical evidence demonstrating, *inter alia*, that "[i]t is far more likely that Mr. Rounds fell from his bike while crossing the bridge and sustained a chest impact that triggered a cardiac arrythmia which resulted in an arrest and thus the circumstances of his death was an accident, rather than natural, on a more probable than not basis." Letter from Timothy Garvey, McDermott Law, to Prudential Appeal Coordinator, Dec. 21, 2021 (quoting Letter from Dr. Michael Freeman, Forensic Research + Analysis, to Timothy Garvey, McDermott Law, Nov. 29, 2021 at 7, which was attached to Ms. Cooper-Rounds' appeal letter as Exhibit 1).

35. Prudential did not make a determination on Ms. Cooper-Rounds' appeal within 45 days of receiving the complete appeal by certified mail, as required under the AD&D Policy.

7

36. Prudential did not, within 45 days of receiving Ms. Cooper-Rounds' complete appeal by certified mail, request additional time to render a decision on her internal appeal, nor did it furnish to Ms. Cooper-Rounds (or her counsel) "written notice of the extension, the reason for the extension and the date that Prudential expects to render a decision," as required under the AD&D Policy.

37. Because Prudential failed to establish or follow claims procedures consistent with the requirements of the AD&D Policy, the law mandates that Ms. Cooper-Rounds "shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of [ERISA] on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim." 29 CFR § 2560.503-1(l)(1).

38. Because Prudential did not make a determination or provide written notice of an extension by February 9, 2022, Prudential cannot include within the administrative record—and this Court cannot consider—any evidence that Prudential generated, created, reviewed, or otherwise considered after that date.

## FIRST CLAIM FOR RELIEF
### Claim for Relief Under ERISA § 502(a)(1)(b) and 29 USC § 1132(a)(1)(b)

39. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

40. At the time of his death, Mr. Rounds was insured under the AD&D Policy.

41. Under the AD&D Policy, Prudential promised to pay Mr. Rounds' named beneficiary $1,000,000.00 if he died as the result of an accidental bodily injury.

42. Plaintiff was Mr. Rounds' named beneficiary under the AD&D Policy.

43. Because Ms. Cooper-Rounds was the named beneficiary under the AD&D Policy, Prudential owed her duties of care as a fiduciary.

44. As Ms. Cooper-Rounds' fiduciary agent, Prudential had to treat Ms. Cooper-Rounds claim and appeal with the utmost candor, rectitude, care, loyalty, and good faith.

45. Prudential's fiduciary duties to Ms. Cooper-Rounds required Prudential to place Ms. Cooper-Rounds' interests above its own.

46. On June 17, 2020, Mr. Rounds died while riding his mountain bike.

47. Mr. Rounds's death was precipitated by an accidental bodily injury.

48. Under the terms of the AD&D Policy, Plaintiff was entitled to receive $1,000,000.00 of insurance proceeds from Prudential.

49. Prudential failed to timely render a claim decision within 90 days of receiving Ms. Cooper-Rounds' claim for benefits under the AD&D Policy.

50. Prudential failed to timely provide all relevant documents, records, and information related to its adverse benefit determination within 30 days of receiving Ms. Cooper-Rounds' request for such.

51. Prudential failed to timely render an appeal decision within 45 days of receiving Ms. Cooper-Rounds' appeal.

52. In deciding Ms. Cooper-Rounds' claim, Prudential was acting under an inherent conflict of interest.

53. In reviewing Ms. Cooper-Rounds' appeal, Prudential was acting under an inherent conflict of interest.

54. Prudential's claim decision and appeal review were affected—to Ms. Cooper-Rounds' detriment—by its inherent conflict of interest.

55. In denying Ms. Cooper-Rounds' claim, Prudential placed its interests ahead of Ms. Cooper-Rounds' interests, thereby breaching the duties it owed as her fiduciary.

56. In failing to timely provide all relevant documents Ms. Cooper-Rounds requested, Prudential places its interests ahead of Ms. Cooper-Rounds' interests, thereby breaching the duties it owed as her fiduciary.

57. In failing to timely decide Ms. Cooper-Rounds' claim and appeal, Prudential placed its interests ahead of Ms. Cooper-Rounds' interests, thereby breaching the duties it owes as her fiduciary.

58. In rejecting Ms. Cooper-Rounds' claim for benefits under the AD&D Policy, Prudential has wrongly denied her a benefit due and owing under the AD&D Policy.

59. By wrongly withholding funds due and owing under the AD&D Policy, Prudential has wrongly profited and earned additional interest on those funds.

60. Because Prudential failed to timely decide Ms. Cooper-Rounds' claim and appeal, she is deemed to have exhausted her administrative remedies under the AD&D Policy and may pursue any available remedies under ERISA § 502(a).

61. ERISA § 502(a) permits beneficiaries to file civil actions for:

   a. Prudential's failure to timely provide all relevant documents;

   b. To recover benefits owed under the Plan and the AD&D Policy;

   c. To enforce her rights under the Plan, the AD&D Policy, and ERISA;

   d. To obtain equitable relief to redress Prudential's violations of the Plan, the AD&D Policy, and ERISA; and

   e. To enforce the terms of the Plan and the AD&D Policy.

62. Through the acts and omissions described throughout this Complaint (and through others likely to be uncovered through discovery), Prudential violated the Plan, the AD&D Policy, ERISA, and the duties it owed Ms. Cooper-Rounds as her fiduciary.

63. Through the acts and omissions described throughout this Complaint (and through others likely to be uncovered through discovery), Prudential caused Ms. Cooper-Rounds to suffer compensable harms and losses.

64. Accordingly, Plaintiff brings this claim to:

    a. recover benefits owed under the Plan and the AD&D Policy;

    b. enforce her rights under the Plan, the AD&D Policy, and ERISA;

    c. obtain equitable relief in the form of disgorgement, surcharge, and such other and further relief as this Court deems necessary;

    d. enforce the terms of the Plan and the AD&D Policy.

65. Additionally, as a further direct and proximate result of Prudential's acts and omissions, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Declare that Plaintiff is entitled to benefits under the Plan and the AD&D Policy;

2. Order Defendant to pay all past-due benefits owed under the Plan and the AD&D Policy with interest (both statutory and moratory) until paid in full;

3. Order Defendants to pay Plaintiff's costs of suit, including reasonable attorneys' fees and court costs under ERISA § 502(g);

4. Order Defendant to disgorge the profits it has wrongly earned by withholding the benefits due and owing to Plaintiff;

5. Award the equitable remedy of surcharge to ensure Ms. Cooper-Rounds is made whole; and

6. Such other and further equitable relief as this Court deems just and proper.

Respectfully submitted this 24th day of February 2022,

                                                *s/ Timothy M. Garvey*
Shawn E. McDermott, #21965
Timothy M. Garvey, #42668
MCDERMOTT LAW, LLC
4600 S. Ulster Street, Suite 800
Denver, CO 80237
(303) 964-1800
(303) 964-1900 (fax)
*shawn@mcdermottlaw.net*
*tim@mcdermottlaw.net*